Chad Conelly (SBN 022394)
CONELLY LAW GROUP PLLC
Indian Bend Corporate Centre
8161 E. Indian Bend Road, Suite 103
Scottsdale, Arizona 85250
Telephone: 480-268-2658
cc@arizonalegal.com
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Walter Howard, | Case |
| Plaintiff, | |
| v. | **COMPLAINT** |
| IDM Apartments, LLC dba Investment Development Management, LLC and The IDM Companies; Jordan Gaither and Jane Doe Gaither, | |
| Defendants. | |

Plaintiff alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff Walter Howard is seeking judgment, relief, and damages under the Americans with Disabilities Act, the Arizona Civil Rights Act, and the Arizona Fair Wages and Healthy Families Act based on the unlawful conduct of his former employer IDM Apartments, LLC dba Investment Development Management, LLC and The IDM Companies ("IDM").

2. IDM subjected Mr. Howard to discrimination by, among other actions, terminating his employment.

3. IDM unlawfully failed to engage in the interactive process and failed to accommodate Mr. Howard's disability.

4. IDM unlawfully terminated Mr. Howard's employment based on his disability and his use of paid sick leave.

## PARTIES, VENUE, AND JURISDICTION

5. Walter Howard is a resident of Maricopa County, Arizona.

6. Upon information and belief, IDM is a Washington limited liability company authorized to do business in Arizona.

7. At all times relevant to the allegations in this Complaint, IDM conducted business in Maricopa County, Arizona.

8. At all times relevant to the allegations in this Complaint, IDM was an "employer" of Mr. Howard under the Americans with Disabilities Act, the Arizona Civil Rights Act, as amended, and the Arizona Fair Wages and Healthy Families Act.

9. Defendants Jordan Gaither and Jane Doe Gaither are husband and wife who, upon information and belief are, and at all times relevant to this Complaint were, residents of Maricopa County, Arizona.

10. Upon information and belief, Mr. Gaither exercised managerial control over Mr. Howard and was involved in the decision to terminate Mr. Howard; therefore, Mr. Gaither is an "employer" as that term is defined under the Arizona Fair Wages and Healthy Families Act.

11. The marital community of Jordan Gaither and Jane Doe Gaither is liable for the acts and omissions of Mr. Gaither as alleged in this Complaint.

12. This Court has subject matter jurisdiction over this dispute.

13. This Court has jurisdiction over Plaintiff's claims under 42 U.S.C. § 12101 *et seq.* (the Americans with Disabilities Act) and 28 U.S.C. § 1331 (federal question), and supplemental jurisdiction under over the state law claims pursuant to 28 U.S.C. § 1367.

14. This Court has personal jurisdiction over the parties.

15. Venue in this Court is proper because Defendants' unlawful conduct occurred in Arizona.

## GENERAL ALLEGATIONS

16. IDM hired Mr. Howard on or about March 2, 2021, for the position of Assistant Superintendent.

17. Mr. Howard is diabetic.

18. During his employment, Mr. Howard informed his supervisors he is diabetic.

19. On Tuesday, June 1, 2021, Mr. Howard had a diabetic issue and went to the hospital after work.

20. Mr. Howard informed IDM he was hospitalized because of the diabetic issue.

21. Mr. Howard was discharged from the hospital on Thursday, June 3, 2021.

22. Mr. Howard's direct supervisor, who knew Mr. Howard had been hospitalized, texted Mr. Howard he should take Friday off and come back to work Monday, June 7, 2021.

23. Mr. Howard took Friday off.

24. The next day on Saturday, June 8, 2021, another IDM manager texted Mr. Howard asking him to call, which Mr. Howard did.

25. On the call, the manager asked how Mr. Howard was feeling after being hospitalized, and Mr. Howard told him he was feeling better.

26. The manager then told Mr. Howard that IMD was making a change and letting Mr. Howard go.

27. Mr. Howard asked why, and the manger responded it was "just not working out" and Mr. Howard was "not what we are looking for."

28. The manager terminated Mr. Howard's employment with IDM.

29. Mr. Howard filed a charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on March 28, 2022.

30. On June 10, 2022, the EEOC issued a right to sue letter to Mr. Howard and he brings this action within 90 days of that letter.

## **VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**

31. Mr. Howard realleges each allegation in this Complaint and incorporates them here by reference.

32. Mr. Howard is a "qualified individual" with a disability as defined in the Americans with Disabilities Act (the "ADA").

33. IDM was an "employer" and "covered entity" under the ADA.

34. Mr. Howard was a qualified individual able to perform the essential functions of the job.

35. Mr. Howard suffered adverse employment actions because of his disability.

### **Discrimination**

36. Mr. Howard realleges each allegation in this Complaint and incorporates them here by reference.

37. IDM discriminated against Mr. Howard based on his disability in violation of the ADA by, among other actions, terminating his employment due to his disability or IDM's perception that Mr. Howard was disabled and Mr. Howard's record of disability.

38. Mr. Howard suffered adverse employment actions by way of IDM's discrimination against him because of his disability, including termination.

39. IDM's discrimination against Mr. Howard violates the ADA.

### **Failure to Engage in the Interactive Process and Failure to Provide a Reasonable Accommodation**

40. Mr. Howard realleges each allegation in this Complaint and incorporates them here by reference.

41. Mr. Howard notified IDM of his disability during his employment.

42. IDM knew of Mr. Howard's disability during his employment.

43. IDM knew or perceived that Mr. Howard needed accommodations during his employment to address his disability.

44. IDM had a legal duty to participate in the interactive process to determine whether Mr. Howard's disability could be accommodated.

45. Reasonable accommodations were possible to address Mr. Howard's disability.

46. IDM failed to engage in the interactive process.

47. IDM failed to provide Mr. Howard reasonable accommodations to address his disability.

48. Mr. Howard suffered adverse employment actions because of his disability.

49. IDM's failure to engage in the interactive process and failure to provide Mr. Howard a reasonable accommodation, and subjecting him to an adverse employment action, violate the ADA.

## Damages under the ADA

50. Because of IDM's unlawful actions as stated in this Complaint, Mr. Howard has been damaged.

51. Because of IDM's violations of the ADA as stated in this Complaint, Mr. Howard has suffered losses, including loss of earnings.

52. Because of IDM's violations of the ADA as stated in this Complaint, Mr. Howard suffered embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses.

53. The discriminatory conduct of IDM was outrageous and malicious, was intended to injure Mr. Howard, and was done with reckless indifference to Mr. Howard's protected civil rights, entitling Mr. Howard to an award of punitive damages.

54. Mr. Howard is entitled to an award of his attorneys' fees and costs.

## VIOLATION OF THE ARIZONA CIVIL RIGHTS ACT

55. Mr. Howard realleges each allegation in this Complaint and incorporates them here by reference.

56. Mr. Howard is a "qualified individual" with a disability as defined in the Arizona Civil Rights Act (the "ACRA").

57. IDM was an "employer" and "covered entity" under the ACRA.

58. Mr. Howard was a qualified individual able to perform the essential functions of the job.

59. Mr. Howard suffered adverse employment actions because of his disability.

### Discrimination

60. Mr. Howard realleges each allegation in this Complaint and incorporates them here by reference.

61. IDM discriminated against Mr. Howard based on his disability in violation of the ACRA by, among other actions, terminating his employment due to his disability or their perception that Mr. Howard was disabled and Mr. Howard's record of disability.

62. Mr. Howard suffered adverse employment actions by way of IDM's discrimination against him because of his disability, including termination.

63. IDM's discrimination against Mr. Howard violates the ACRA.

### Failure to Engage in the Interactive Process and
### Failure to Provide a Reasonable Accommodation

64. Mr. Howard realleges each allegation in this Complaint and incorporates them here by reference.

65. Mr. Howard notified IDM of his disability during his employment.

66. IDM knew of Mr. Howard's disability during his employment.

67. IDM knew or perceived that Mr. Howard needed accommodations during his employment to address his disability.

68. IDM had a legal duty to participate in the interactive process to determine whether Mr. Howard's disability could be accommodated.

69. Reasonable accommodations were possible to address Mr. Howard's disability.

70. IDM failed to engage in the interactive process.

71. IDM failed to provide Mr. Howard reasonable accommodations to address his disability.

72. Mr. Howard suffered adverse employment actions because of his disability.

73. IDM's failure to engage in the interactive process and failure to provide Mr. Howard a reasonable accommodation, and subjecting him to an adverse employment action, violate the ACRA.

### Damages under the ACRA

74. Because of IDM's unlawful actions as stated in this Complaint, Mr. Howard has been damaged.

75. Because of IDM's violations of the ACRA as stated in this Complaint, Mr. Howard has suffered losses, including loss of earnings.

76. Because of IDM's violations of the ACRA as stated in this Complaint, Mr. Howard suffered embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses.

77. The discriminatory conduct of IDM was outrageous and malicious, was intended to injure Mr. Howard, and was done with reckless indifference to Mr. Howard's protected civil rights, entitling Mr. Howard to an award of punitive damages.

78. Mr. Howard is entitled to an award of his attorneys' fees and costs.

### VIOLATION OF THE ARIZONA FAIR WAGES AND HEALTHY FAMILIES ACT

79. Mr. Howard realleges each allegation in this Complaint and incorporates them here by reference.

80. Mr. Howard is an "employee" under the Arizona Fair Wages and Healthy Families Act ("FWHFA").

81. IDM was an "employer" under the FWHFA.

82. Mr. Gaither was an employee and agent of IDM.

83. Under the FWHFA, it is unlawful for an employer or any other person to interfere with, restrain, or deny the exercise of, or the attempt to exercise, any right protected under the FWHFA.

7

84. Under the FWHFA, it is unlawful for an employer to engage in retaliation or discriminate against an employee because the person has exercised rights protected under the FWHFA, including but not limited to the right to request or use earned paid sick time.

85. Mr. Howard exercised his rights to request and use earned paid sick time while employed with IDM.

86. Mr. Howard's employment with IDM was terminated within ninety days of the time he requested and used earned paid sick time.

87. IDM's and Mr. Gaither's actions, including but not limited to Mr. Howard's retaliatory termination, violate the FWHFA.

88. IDM and Mr. Gaither are liable to Mr. Howard under the FWHFA for damages including but not limited to statutory damages, attorneys' fees, and costs.

## JURY DEMAND

89. Mr. Howard requests trial by jury.

WHEREFORE, Mr. Howard requests that the Court enter a judgment in his favor against Defendants, and each of them, as follows:

A. For an award of Mr. Howard's damages for loss of wages, benefits, and promotional opportunities, including an award of back pay and front pay for all lost salary and benefits.

B. For an award of damages to compensate Mr. Howard for mental anguish, humiliation, embarrassment, and emotional injury.

C. For all other damages permissible under the ADA, ACRA and FWHFA including but not limited to statutory damages under the FWHFA.

D. For an award of punitive damages.

E. For an award of reasonable attorneys' fees and the costs of this action.

F. For pre-judgment and post-judgment interest on all amounts awarded.

G. For any other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED: September 6, 2022.

         CONELLY LAW GROUP PLLC

         */s/ Chad Conelly*
         Chad Conelly
         *Attorneys for Plaintiff*

## **CERTIFICATE OF FILING**

I hereby certify that on September 6, 2022, I electronically transmitted this document to the Clerk's Office using CM/ECF System for filing.

*s/ Chad Conelly*

4857-7161-0161, v. 1